IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 7:16CR00005 |
| v. ) | |
| ) | In violation of: |
| JENNIFER ASHLEE ZENITZ ENGORN ) | 18 U.S.C. §1347 |
| Defendant ) | |

# INFORMATION

The United States Attorney charges that:

## Introduction to the Information

At all times relevant to this Information:

1. **JENNIFER ASHLEE ZENITZ ENGORN** obtained a Master's Degree in social Work from the University of Maryland in 2011. This education made **ENGORN** qualified to provide Mental Health Support Services (MHSS) as a Qualified Mental Health Professional (QMHP) as defined by Virginia Medicaid regulations.

2. **JENNIFER ASHLEE ZENITZ ENGORN** was employed as a QMHP between May 13, 2013 and August 23, 2013, to provide MHSS and Intensive In-Home Treatment (IIHT) for five Medicaid recipients in the Roanoke and New River Valley areas of Virginia.

3. The "Grants to States for Medical Assistance Program," commonly referred to as "Medicaid," was established in 1965, and provides medical assistance services to eligible indigent persons. Such persons may include the aged, blind, disabled, pregnant women, and dependent or needy children. Medicaid services are authorized and reimbursed within guidelines reflected in specified state and federal regulations. The U.S. Department of Health and Human Services (HHS) and the Commonwealth of Virginia, Department of Medical Assistance Services (DMAS) administer and supervise the administration of the Medicaid Program in Virginia. The United States Government contributes at least fifty percent of the cost of the Medicaid program, with the remaining monies provided by the Commonwealth. Medicaid is a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

4. Provider participation in the Medicaid program is voluntary. A participating provider is a person, organization, or institution with a valid participation agreement who or which will (1) provide the service, (2) submit the claim, and (3) accept as payment in full the amount paid by the Virginia Medicaid Program.

5. DMAS has established procedures in accordance with the regulations of the U.S. Department of Health and Human Services to compensate providers for services provided to Medicaid recipients. Each provider that becomes a certified Medicaid provider signs a Medicaid participation agreement acknowledging that he or she will abide by all DMAS participation requirements and guidelines. The Medicaid participation

agreement also requires the provider to keep such records as are necessary to fully disclose the services provided to Medicaid recipients.

6. The Virginia Administrative Code, 12 VAC 30-50-226, defines Mental Health Skill-Building Services as training and support to enable individuals to achieve and maintain community stability and independence in the most appropriate, least restrictive environment. It further states that this program shall provide the following services in order to be reimbursed by Medicaid: training in or reinforcement of functional skills and appropriate behavior related to the individual's health and safety, activities of daily living, and use of community resources; assistance with medication management; and monitoring health, nutrition, and physical condition. The Virginia Administrative Code, 12 VAC 30-60-143(H)(3) states, "only direct face-to-face contacts and services to individuals shall be reimbursable."

7. The Virginia Administrative Code, 12 VAC 35-105-20 defines Intensive In-Home Service as "family preservation interventions for children and adolescents who have or are at-risk of serious emotional disturbance, including individuals who also have a diagnosis of mental retardation (intellectual disability). Intensive in-home service is usually time-limited and is provided typically in the residence of an individual who is at risk of being moved to out-of-home placement or who is being transitioned back home from an out-of-home placement. The service includes 24-hour per day emergency

response; crisis treatment; individual and family counseling; life, parenting, and communication skills; and case management and coordination with other services."

8. A Progress Note, which is a written record of the face-to-face encounter and activity with the Medicaid recipient, must be accurately written and maintained by the Medicaid provider when providing Mental Health Skill-Building Services and Intensive In-Home Treatment.

9. Between May 13, 2013 and August 23, 2013, **JENNIFER ASHLEE ZENITZ ENGORN** prepared numerous false Progress Notes documenting services that she did not provide. These false Progress Notes were provided by **ENGORN** to her employer, which caused false billings to Medicaid for services which were not performed. For example, **ENGORN** wrote false Progress Notes for services she allegedly provided to recipients when they were actually out of the country, out of state and at outside employment.

10. As a result of **JENNIFER ASHLEE ZENITZ ENGORN's** failure to provide services and her falsification of Progress Notes, Medicaid improperly paid $8,352.00 for services which were never rendered.

## COUNT ONE
(Health Care Fraud, 18 U.S.C. §1347)

The United States Attorney charges:

1. Paragraphs 1 - 10 of the Introduction above are herein incorporated by reference as if fully set forth herein.

2. Between on or about May 13, 2013, and August 23, 2013, in the Western District of Virginia and elsewhere, **JENNIFER ASHLEE ZENITZ ENGORN**, the defendant, did knowingly and willfully execute and attempt to execute, a scheme and artifice to defraud a health care benefit program and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, or under the custody and control of, a health care benefit program that is, Medicaid, in connection with the delivery of or payment for health care benefits, items and services.

3. All in violation of Title 18, United States Code Sections 1347.

2/2/16
DATE

JOHN P. FISHWICK, JR.
UNITED STATES ATTORNEY